**CLARKSON LAW FIRM, P.C.**
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON JIMENEZ, ROBERT PARHAM, BRITTANY HODGES, and RALPH MILAN individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>   vs.<br><br>HISMILE, INC.,<br><br>           Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br>1. Violation of Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br>2. Violation of False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)<br>3. Violation of Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*)<br>4. Breach of Warranty<br>5. Unjust Enrichment<br><br>**JURY TRIAL DEMANDED** |

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

Plaintiffs Aaron Jimenez, Robert Parham, Brittany Hodges, and Ralph Milan (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as more fully described herein (the "Class"), bring this class action complaint against Defendant HiSmile, Inc. ("Defendant" or "HiSmile"). Plaintiffs' allegations are based upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiffs' attorneys.

I. **SYNOPSIS**

1. HiSmile is a self-declared billion-dollar company that has built its entire brand on the fraudulent marketing of its teeth whitening products, which are promised to deliver instant and dramatic results.

2. HiSmile has engaged in an aggressive, pervasive, and fraudulent social media marketing scheme, particularly on TikTok, Instagram, and Facebook. HiSmile drives sales by inundating these social media platforms with a high volume of falsified before-and-after advertisements, misleading celebrity endorsements, and deceptive influencer marketing, thereby distorting perceptions and fueling unrealistic expectations of its products. HiSmile furthers this fraud by posting self-sponsored "customer reviews" of its products and having its own employees pretend to be satisfied customers on various social media and shopping platforms.

3. In its advertising, HiSmile pushes junk science espousing the "science" of "color theory," "color correction technology," "light interference technology," "reflective pigments," and various other pseudoscientific explanations for its promised "instant whitening" results. HiSmile even goes as far as to claim certain products are "clinically proven" when they have not even been clinically *tested*.

4. When a product lacks efficacy or quality, the marketing becomes less about truthfully showcasing its benefits and more about creating a façade of success through manipulation and deception. The reason for HiSmile's deceptive marketing ploys, i.e., the fake reviews, fake customers, fake before-and-after photos/videos,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

misleading celebrity and influencer endorsements, and fake "clinically proven" claims, is to mask the inefficacy of its products.

5.      Yet, HiSmile has sold hundreds of millions of dollars' worth of its teeth whitening products to unsuspecting customers based on this fraud campaign.

6.      The HiSmile products at issue include the following in all varieties and sizes sold throughout California and the United States: (1) V34 Colour Corrector Serum; (2) Glostik Tooth Gloss; (3) PAP+ Whitening Strips; (4) PAP+ Whitening Pen (collectively, the "Products"). Images of the Products, taken from HiSmile's official website, https://us.hismileteeth.com, are depicted below.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265



//

//



CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

7.     **Primary Dual Objectives**. Plaintiffs bring this action, individually and in a representative capacity on behalf of those similarly situated consumers who purchased the Products during the relevant Class Period (Class and/or Subclass defined infra), for dual primary objectives: One, Plaintiffs seek, on their individual behalf and on behalf of the Class/Subclass, injunctive relief to stop HiSmile's unlawful and fraudulent advertising, marketing, and sale of the Products to avoid or mitigate the risk of deceiving the public into believing that the Products conform to the fraudulent advertising, by requiring HiSmile to change its business practices, which may include one or more of the following: cessation of the deceptive advertising practices; cessation of posting fraudulent customer reviews; cessation of false claims about the Products' efficacy; and/or discontinuance of the Products' manufacture, marketing, and/or sale. Two, Plaintiffs seek, on Plaintiffs' individual behalf and on behalf of the Class/Subclass, a monetary recovery of the price premium and/or full restitution for the amount Plaintiffs and consumers overpaid for Products that should, but utterly failed to comport with the advertised representations (which may include, for example, damages, restitution, disgorgement, and/or any applicable penalties, fines, or punitive/exemplary damages) solely to the extent that the causes of action pled herein permit such recovery.

## II.   JURISDICTION

8.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III.   VENUE

9.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District. In addition, Plaintiffs purchased the unlawful Products in this District, and HiSmile

has marketed, advertised, and sold the Products within this District.

## IV. PARTIES

10. **Plaintiff Aaron Jimenez.** The following is alleged based upon Plaintiff Jimenez's personal knowledge:

  a. **Residence.** Plaintiff is a resident of Bellflower, California.

  b. **Purchase Details.** Plaintiff purchased the V34 Colour Corrector Serum from HiSmile's website in or around November 2022, paying approximately $30.00.

11. **Plaintiff Robert Parham.** The following is alleged based upon Plaintiff Parham's personal knowledge:

  a. **Residence.** Plaintiff is a resident of Oakland, California.

  b. **Purchase Details.** Plaintiff purchased the PAP+ Whitening Strips from a Walmart store in Los Angeles in or around Summer 2021, paying approximately $30.00.

12. **Plaintiff Brittany Hodges.** The following is alleged based upon Plaintiff Hodges' personal knowledge:

  a. **Residence.** Plaintiff is a resident of Riverside, California.

  b. **Purchase Details.** Plaintiff purchased the V34 Colour Corrector Serum, PAP+ Whitening Strips, and PAP+ Whitening Pen from a CVS store in Riverside, CA in or around December 2023, paying $30.00 to $45.00 for each Product.

13. **Plaintiff Ralph Milan.** The following is alleged based upon Plaintiff Milan's personal knowledge:

  a. **Residence.** Plaintiff is a resident of Santa Ana, California.

  b. **Purchase Details.** Plaintiff purchased the PAP+ Whitening Strips and V34 Colour Corrector Serum from HiSmile's website in or around December 2023, paying approximately $29.00 for each Product.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

14.   **Plaintiffs' Future Harm**. HiSmile continues to fraudulently advertise and sell the Products with deceptive images, claims, and representations. Plaintiffs would like to purchase the Products in the future if they lived up to and conformed with the advertised representations. However, Plaintiffs are average consumers who are not sophisticated in the chemistry, manufacturing, and formulation of dental care products, such as the Products. Indeed, Plaintiffs do not have any personal knowledge regarding the nature of the ingredients, or the methods HiSmile used to make them (including sourcing and manufacturing processes). Since Plaintiffs want to purchase the Products again to obtain the benefits of the advertised representations—despite the fact that the Products were once marred by false advertising or warranties— Plaintiffs would likely and reasonably, but incorrectly, assume the Products are true to and conform with the advertised representations on their labels and HiSmile's advertisements, including HiSmile's websites and social media platforms. Accordingly, Plaintiffs are at risk of reasonably, but incorrectly, assuming that HiSmile has fixed the Products such that Plaintiffs may buy them again, believing they are no longer misleadingly advertised and warranted and instead believing that they comply with the advertised representations. In this regard, Plaintiffs are currently and in the future deprived of the ability to rely on the advertised representations to purchase the Products.

15.   **Defendant HiSmile, Inc.** is a corporation headquartered in Delaware. HiSmile was doing business in the State of California at all relevant times, including the Class Period. Directly and through its agents, HiSmile has substantial contacts with and receives substantial benefits and income from and through the State of California. HiSmile is the owner, manufacturer, marketer, and/or distributor of the Products, and created, authorized, and controlled the use of the fraudulent advertising to market the Products. HiSmile and its agents promoted, marketed, and sold the Products at issue throughout the United States and, in particular, within this judicial district. The unfair, unlawful, false, deceptive, and misleading fraudulent advertising

CLASS ACTION COMPLAINT

of the Products were prepared, authorized, ratified, and/or approved by HiSmile and its agents to deceive and mislead consumers in the State of California and the United States into purchasing the Products.

## V.  FACTUAL ALLEGATIONS

### A.  Market Background

16.  **Consumer Demand for At-Home Teeth Whitening Products.** Consumer demand for at-home teeth whitening products is at an all-time high and steadily growing,[1] particularly due to the influence of perfect white smiles portrayed in the media.[2]

17.  There are several different methods for whitening teeth. The efficacy of these different methods is dependent upon the particular tooth discoloration being treated, and whether the discoloration is at the surface or deeper and is caused by exposure to staining foods and beverages, smoking, antibiotic use, etc.[3] The most common method to whiten teeth is with bleaching products. Teeth bleaching products utilize hydrogen peroxide ($H_2O_2$) or one of its precursors, carbamide peroxide (CP), as the active ingredient to oxidize organic chromophores (small molecules from coffee, red wine or tea), resulting in a lighter appearance of teeth.[4] Quicker tooth whitening can be achieved in-office because professional-grade products deliver a higher concentration of peroxide (25-35%)[5] than over-the-counter products (typically

---

[1] *Teeth Whitening Market Size, Share & Trends Analysis Report By Product (Whitening Toothpaste, Whitening Gels & Strips, Light Teeth Whitening Device), By Distribution Channel, By Region, and Segment Forecasts, 2022-2030*, GRAND VIEW RESEARCH, https://www.grandviewresearch.com/industry-analysis/teeth-whitening-market-report (last visited June 5, 2024).

[2] Clifton M. Carey, *Tooth Whitening: What We Now Know*, JOURNAL OF EVIDENCE BASED DENTAL PRACTICE, 14 Suppl: 70-76, (Feb. 13, 2014), https://doi.org/10.1016%2Fj.jebdp.2014.02.006.

[3] *Id*.

[4] Andrew Joiner, *The bleaching of teeth: A review of the literature*, JOURNAL OF DENTISTRY 34:7, 412-419 (August 2006), https://doi.org/10.1016/j.jdent.2006.02.002.

[5] Carey, *supra* note 2.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

6-14%).[6] During in-office treatments, gingival tissues are usually protected before the whitening agent is applied.[7] At-home bleaching systems include tray-based tooth whiteners, whitening strips and gels, whitening toothpastes, and whitening rinses.[8]

18.    Peroxide-based treatments can cause tooth and gum sensitivity,[9] and the desired level of whitening can take dozens of rounds of applications, requiring strips, gel, or trays to be on the teeth for up to one hour per application,[10] with treatment courses of up to 14 days or longer.  Thus, there is a consumer market for over-the-counter teeth whitening products that advertise faster results without tooth and gum sensitivity.

19.    **HiSmile Profits from its False and Pervasive Marketing Scheme**. HiSmile launched in 2014 with a starting capital of $20,000.[11] In September 2023, HiSmile founder Nik Mirkovic declared that HiSmile was on track to post **one billion dollars in sales** that financial year.[12] HiSmile credits its explosive success to its aggressive social media marketing.[13] HiSmile spends tens of millions of dollars per year on social media posts mostly aimed at their target market: women and girls between the ages of 15 and 24.[14]

---

[6] *Basic details about Crest White Strips*, ANIMATED-TEETH.COM, https://www.animated-teeth.com/whitening_strips/a1_teeth_whitening.htm (last visited June 5, 2024).
[7] Carey, *supra* note 2.
[8] *Id*.
[9] *Id*.
[10] *Crest Whitestrips Instructions: Safe & Easy Teeth Whitening*, CREST, https://crest.com/en-us/oral-care-tips/teeth-whitening/crest-whitestrips-instructions-safe-easy-teeth-whitening (last visited June 5, 2024).
[11] Sabri Suby, *How HiSmile Grew From a Tiny $20K Investment to $40 Million Ecommerce Powerhouse in 3 Years [Detailed Case Study]*, KING KONG, (Feb. 7, 2018), https://kingkong.co/blog/hismile-grew-tiny-20k-investment-40-million-ecommerce-powerhouse-3-years-detailed-case-study/.
[12] Julie-anne Sprague, *Being an introvert helped set up this Young Rick Lister to make $1b*, THE AUSTRALIAN FINANCIAL REVIEW, (Sep. 25, 2023), https://www.afr.com/wealth/people/being-an-introvert-helped-set-up-this-young-rich-lister-to-make-1b-20230915-p5e52h.
[13] Suby, *supra* note 11.
[14] *Id*.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

20.   HiSmile aggressively markets its Products as instant teeth whiteners on its social media accounts by publishing a high volume of videos, paying influencers and celebrities such as Kim Kardashian, Kylie Jenner, and Conor McGregor for sponsored posts, and paying for ads to appear in users' feeds. For instance, HiSmile's TikTok account (user @hismile) typically posts fifteen or more videos per day advertising its various Products. Due to its insistent posting and advertising, HiSmile has amassed a massive social media following. HiSmile's TikTok account has 5 million followers and 107.3 million cumulative "likes" on its videos. HiSmile's Instagram account (user @hismile) has 1.6 million followers. HiSmile's Facebook page has 1.7 million "likes" and 1.7 million followers.

21.   For context, even multi-billion-dollar and well-established dental care brands have not attained anywhere near this size of a social media audience. Colgate has only 186 thousand followers on Instagram (user @colgate), and Crest has only 91.4 thousand followers on Instagram (user @crest).

22.   HiSmile's social media advertising strategy is highly effective, and its partnership with celebrities and influencers is a huge driver of its sales. HiSmile founder Nik Mirkovic explained, "Our five Instagram posts with Kylie [Jenner] have all had over 1 million views and 100,000 comments and you see the sales uplift immediately after each one."[15]

### B.   Fraudulent Misrepresentations

23.   To perpetuate its fraudulent marketing scheme, HiSmile uses fake "before and after" images and videos; deceptive editing and filming techniques; posts fake positive reviews and removes critical negative reviews; has its employees pose as fake dental professionals, scientists, and customers in social media advertisements; utilizes misleading celebrity endorsements; falsely claims that certain Products are "clinically proven" to instantly whiten teeth; and promotes fake science, as further

---

[15] *Id.*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

described herein. These actions are collectively referred to as the "**Fraudulent Misrepresentations**."

     i.   <u>**HiSmile Uses Fake "Before and After" Images and Videos.**</u>

24. In its advertisements, HiSmile employs numerous deceptive techniques to fabricate the whitening effect that users can achieve with its Products.

25. HiSmile artificially "stains" some models' teeth with a brown solution to create a more dramatic before-and-after effect. Consumers who have real preexisting staining on their teeth cannot achieve the same results shown by HiSmile's process of applying fake staining to teeth and then immediately removing it with the Products. See the below image, taken from HiSmile's TikTok account, of brown solution being applied to a model's teeth:



//

//

//

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

26.   When the actors in HiSmile's videos apply the HiSmile Products to these very yellow teeth, the whitening effect for all the Products is falsely pronounced. See the following example of the V34 Colour Corrector Serum being applied to artificially yellow teeth:



27.   **V34 Colour Corrector Serum**. HiSmile's before-and-after advertising for the V34 Colour Corrector Serum is highly deceptive. The vast majority of HiSmile's advertising for this Product shows the purple serum while it is still on the models' teeth. In the advertisements, models or actors wipe a small amount of the Product off or rinse a few teeth with a small amount of water so that the Product mostly remains on the teeth. This gives the illusion that the purple paste cancels out the yellow tones in teeth to make them look whiter. In reality, when the Product is fully rinsed away as instructed, the color-correcting effect disappears entirely. These depictions deceptively exaggerate the performance of the Product. The following images are taken from HiSmile's advertisements for the Product on its official website and TikTok account:

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265





CLASS ACTION COMPLAINT

1   Compare these images with the images from a customer's review on Amazon.com,

2   in which the user fully rinsed away the V34 Product as instructed:




15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28   //

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

28.   **PAP+ Products**. HiSmile uses its artificial staining technique and jump-cut editing to exaggerate the effects of its PAP+ Whitening Strips and PAP+ Whitening Pen. In the following example, a HiSmile employee purports to demonstrate the effectiveness of the active ingredient in the PAP+ Products (Phthalimidoperoxycaproic Acid) by putting only half of the whitening strips on a model's teeth. The results look dramatic, but they are not attainable. These results are achieved by falsely "staining" very white teeth and immediately removing this surface level discoloration.




//

//

//

//

29. **Glostik Tooth Gloss**. HiSmile uses unnaturally bright lighting, misleading editing, and models who already have very white teeth to deceptively exaggerate the before-and-after effect of the Glostik Tooth Gloss. See the following examples of an advertisement for Glostik Tooth Gloss taken from HiSmile's official website (last visited June 5, 2024):





1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

30.   Consumers are deceived by the fraudulent advertising of the **V34 Colour Corrector**, as indicated by *tens of thousands* of negative reviews on HiSmile's official Product listing on Amazon.com, e.g.:







CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265



9   31.   Consumers are deceived by the fraudulent advertising of the **Glostik**

10  **Tooth Gloss**, as indicated by hundreds of negative reviews on HiSmile's official

11  Product listing on Amazon.com, e.g.:

12
13
14
15
16
17
18



19
20
21
22
23
24
25
26

27  //

28  //

1
2
3
4
5
6
7

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



⭐☆☆☆☆  **Awful product**
Reviewed in the United States on February 26, 2024
**Verified Purchase**

In the advertisement for this product, you see this being placed on someone's tooth & it whitens instantly... total bs! It doesn't do anything other than make your teeth feel all sticky & gross.

32.    Consumers are deceived by the fraudulent advertising of the **PAP+ Whitening Strips**, as indicated by the hundreds of negative reviews on HiSmile's official Product listing on Amazon.com, e.g.:

//
//
//
//

23

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



33.    Consumers are deceived by the fraudulent advertising of the **PAP+ Whitening Pen**, as indicated by hundreds of negative reviews on HiSmile's official Product listing on Amazon.com, e.g.:





//

//

CLASS ACTION COMPLAINT

### ii.   **HiSmile Posts Fake Positive Reviews and Removes Critical Negative Reviews**

34.   HiSmile posts fake positive reviews and removes negative reviews on the various platforms where its Products are sold, further perpetuating its false advertising scheme.

35.   HiSmile previously hosted customer reviews on its own website but only prior to the addition of numerous negative reviews.[16]

36.   FakeSpot, a company that grades product reviews based on authenticity, found that less than 80% of the 60,000+ reviews for HiSmile's V34 Colour Corrector Amazon product listing were reliable, which calls into question the authenticity of over 12,000 reviews.[17]

//

//

//

---

[16] *See, e.g.,* an archived web capture of HiSmile's website from 2022 that has a link for consumer reviews ("Read the reviews"): https://web.archive.org/web/20221029210638/https://us.hismileteeth.com/products/colour-corrector (last visited June 5, 2024).

[17] *Hismile v34 Colour Corrector*, FAKESPOT, https://www.fakespot.com/product/hismile-v34-colour-corrector-purple-teeth-whitening-tooth-stain-removal-teeth-whitening-booster-purple-toothpaste-colour-correcting-hismile-v34-hismile-colour-corrector-tooth-colour-corrector (last visited June 5, 2024).

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

37.     Tellingly, there are 14,372 one-star ratings and 5,672 two-star ratings on HiSmile's V34 Colour Corrector Amazon listing.[18]

38.     Many reviews utilize the language that HiSmile itself uses to describe its Products. For example, one review of the Glostik Tooth Gloss on Amazon.com states, "Instant tooth whitening – This is really clever – it paints on a pearlescent sheen that makes teeth look whiter by reflecting the light. Really easy to apply and works instantly!"[19] HiSmile's own description of this Product says, "The instant brightening wand…It adds a pearlescent glow to your teeth…Easy on-the-go application…tooth gloss works by reflecting light."[20] The similarity in wording across numerous positive reviews suggests that HiSmile uses a script and bots or employees to post fake positive reviews.

39.     Some reviews from purported customers are actually reviews from HiSmile's employees. For example, the following five-star review was posted on the Amazon product page for HiSmile's Glostik Tooth Gloss, purportedly from a customer named "Jason," but this person works for HiSmile, as evidenced by his presence as an actor in numerous HiSmile social media videos and advertisements:

//
//
//
//
//
//

---

[18] *See Hismile v34 Color Corrector, Tooth Stain Removal, Teeth Whitening Booster, Purple Toothpaste, Colour Correcting, HiSmile V34*, AMAZON.COM, https://www.amazon.com/Hismile-Corrector-Whitening-Toothpaste-Correcting/dp/B09LH36816/ (last visited June 5, 2024).

[19] Sofie F, *Instant tooth whitening*, AMAZON.COM, https://www.amazon.com/gp/customer-reviews/R3TB8K9KP0KRXB/ (last visited June 5, 2024).

[20] *Glostik Tooth Gloss*, HISMILE, https://us.hismileteeth.com/products/tooth-gloss (last visited June 5, 2024).

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Five-star Amazon review by "Jason" for the Glostik Tooth Gloss:*[21]



*Screenshots of HiSmile's TikTok account demonstrating that this person is a HiSmile employee:*



---

[21] Customer Review by "Jason," available at https://www.amazon.com/gp/customer-reviews/R26194Z5IQWCW8/ (last visited June 5, 2024).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265





//

//

//

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

40.   HiSmile previously maintained an Instagram account solely dedicated to showing results of their discontinued LED light teeth whitening products (@hismileresults), which had almost 15,000 followers in 2018.[22] HiSmile wiped the content of this account, which is now set to "private" with two posts and zero followers.[23]

iii.   **HiSmile Employees Pose as Fake Customers in Social Media Advertisements**

41.   Many of HiSmile's advertisements involve influencers and actors who pretend to be skeptical of the Products at first, only to be amazed by the results. HiSmile's videos often start off with a person claiming they are setting out to "debunk" the viral Products, or to see if they "really" work. Invariably, the person applies the Product and is wowed by the results.

//

//

---

[22] *Id.*
[23] *@hismileresults*, INSTAGRAM, https://www.instagram.com/hismileresults/ (last visited June 3, 2024).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

42.    When a HiSmile employee pretends to be a normal consumer, HiSmile will flash an inconspicuous "disclaimer" in miniscule font across the bottom half of the screen for 3 to 5 seconds out of a minute-long video when the employee flashes their "results" by smiling. The disclaimer usually says, "Non-permanent. Results may vary. Staff results."



43.    In the above video, the HiSmile employee pretends to be answering a comment from another TikTok user. TikTok has a feature that allows users to "pin" the comment to which they are responding in their video. Viewers can then click the pinned comment to see where the original comment came from. In this video, the

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

"comment" is not clickable, indicating it's not a real comment from another user. In this way, HiSmile creates fake comments from other "users" who do not exist, often commenting on their satisfaction with the Products.

44.    In addition, the employee in this video declares, "I actually haven't told a single soul about this [her use of the V34 Product] until right now." In reality, this person is a HiSmile employee and is in dozens, if not hundreds, of HiSmile's TikTok videos.

45.    HiSmile pays influencers to promote its Products without disclosing that their posts are advertisements. TikTok requires that any branded content must include a commercial content disclosure that can be toggled on in the post settings. This disclosure appears below a video's description and reads, "Promotional content," or "Creator earns commission." Numerous influencers post branded content promoting HiSmile's Products without toggling on the required commercial content disclosure or including an indication that the video is an advertisement, such as a hashtag like "#ad." Without the required disclosures, HiSmile dupes consumers into believing that the influencers' sponsored posts are genuine reviews of the Products, when in reality they are being paid to offer positive opinions. See the below examples:

//

//

//

//

//

//

//

//

//

//

//

CLASS ACTION COMPLAINT

*A branded post with a proper commercial content disclosure ("Promotional Content"):*



//
//
//
//
//
//
//
//
//

CLASS ACTION COMPLAINT

*A branded post by an influencer, paid for by HiSmile, with a fake user comment and without a proper commercial content disclosure:*



### iv.   HiSmile Utilizes Misleading Celebrity Endorsements

46.   HiSmile pays celebrities to endorse the Products on social media without disclosing that these celebrities have attained very white teeth by other means. HiSmile utilizes celebrities who have very white teeth to falsely overstate the Products' effectiveness. HiSmile knows these celebrity endorsers are not bona fide users of the Products yet pays them to advertise that they are.

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

47.   For example, HiSmile's "pinned" TikTok video, which has over five million views, features Kim Kardashian using the PAP+ Whitening Strips, advertising unrealistic and misleading results.



//

//

//

//

//

CLASS ACTION COMPLAINT

48.   In reality, Kim Kardashian has attained her white smile via expensive professional whitening treatments, not by using the HiSmile Products. Kim Kardashian's dentist, Dr. Kevin Sands, has confirmed that she undergoes professional whitening twice a year to maintain her impressively bright white teeth.[24]

49.   HiSmile works with other celebrities and influencers who attain very white teeth via professional teeth whitening, yet they do not disclose this in their sponsored posts with HiSmile.

### v.   HiSmile Falsely Claims its V34 Colour Corrector Serum is "Clinically Proven"

50.   HiSmile ubiquitously advertises that its V34 Colour Corrector has been proven in a clinical trial to instantly whiten teeth. HiSmile makes this claim on its website and on its social media advertising. HiSmile claims on its website that the V34 Product is "Clinically Proven" and offers "Clinically-proven teeth whitening technology." HiSmile claims in numerous videos on its social media accounts that the "v34 has now been proven in a clinical trial to instantly whiten your teeth." See the following examples:

//
//
//
//
//
//
//
//
//

---

[24] *Kim Kardashian's dentist reveals all,* PEARL DENTAL CLINIC, https://www.pearldentalclinic.co.uk/cosmetic-dentistry-news/uncategorized/kim-kardashians-dentist-reveals-all.html (last visited June 5, 2024).

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26



27   //

28   //

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

51.   By stating the V34 Product has been "Clinically Proven" to instantly whiten, HiSmile communicates to its consumers that the Product was tested in some scientific manner, presumably in a laboratory or clinical setting by scientists or dental health professionals qualified to evaluate its effectiveness. That advertised fact, regardless of the adequacy of any purported clinical trial, offers assurance and credibility regarding the other Fraudulent Misrepresentations.

52.   Contrary to the "Clinically Proven" representations, the V34 Product has never been clinically *tested* (let alone clinically proven) to instantly whiten teeth.

53.   HiSmile's "Clinically Proven" claim is yet another fabrication.

### vi.   HiSmile Promotes Pseudoscience

54.   HiSmile claims that its purple V34 Colour Corrector Serum and purple Glostik Tooth Gloss Products instantly whiten teeth because of color correction technology: purple and yellow are complementary colors opposite to each other on the color wheel, so purple "cancels out yellow undertones" to reveal dramatically whiter teeth. HiSmile's advertisements frequently demonstrate the "science" of its "color correcting technology" by dipping yellow fruits and vegetables in purple paint, overlaying purple and yellow discs, and making comparisons to purple shampoo which is known to neutralize brassy tones and yellowing in blonde hair.

55.   These advertisements inundate viewers with clips espousing the "science" of "color theory," "color correction technology," "light interference technology," "reflective pigments," and various other pseudoscientific explanations for the promised "instant results." This is not real science.   Science is a rigorous, systematic endeavor that builds and organizes knowledge in the form of testable explanations and predictions.[25] Advertising does not amount to science.

56.   HiSmile's advertised color theory is entirely inapplicable—the purple tone of these two Products does not effectively remove yellow stains from teeth.

---

[25] *Science*, WIKIPEDIA, https://en.wikipedia.org/wiki/Science (last visited Jun. 5, 2024).

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

57. In videos purporting to demonstrate the "science" of color theory, HiSmile includes a miniscule and imperceptible "disclosure," such as, "This is not a real experiment, this is a dramatization showcasing colour theory."



58. To create the impression of scientific rigor and reliability, HiSmile stages its videos with scenes of "scientists" and "dental professionals" appearing to study or test the Products in a "laboratory" or "clinical" setting (such as a dental office). In reality, these "scientists" and "professionals" are actors employed by HiSmile. The actors wear white lab coats or dental scrubs. Some videos feature beakers, microscopes, and other laboratory equipment. Consumers reasonably expect that such settings are indicative of Product results that have been "clinically proven." This is not the case. The reason for this staging is to perpetuate HiSmile's fraudulent advertising scheme.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

59.   In the following example, an actor dressed as a scientist in a white lab coat is shown swirling purple pigment in a beaker, and another actor dressed as a dentist explains that the V34 Colour Corrector serum has been "proven in a clinical trial to instantly whiten your teeth." The caption reads, "He debunks the viral V34 serum #science #dentist #colourtheory" with "skeptical" and "mind-blown" emojis:



**vii.   HiSmile Employs Fraudulent Marketing Because Its Products Do Not "Instantly" or Dramatically Whiten Teeth**

60.   Contrary to HiSmile's marketing scheme, the Products cannot *instantly* or *dramatically* whiten teeth, as advertised.

61.   Teeth bleaching products contain a peroxide bleaching agent which chemically whitens teeth by penetrating enamel to cause oxidation and lightening of stains.[26] Peroxide-based whitening products use hydrogen peroxide or carbamide peroxide, which have both been proven to effectively bleach teeth in randomized

---

[26] Joiner, *supra* note 4.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

clinical trials using real people.[27] Even though peroxide-based products are effective with multiple uses, they do not provide instant teeth whitening. Generally, the higher the concentration of peroxide and the longer the product is kept on teeth, the whiter teeth become. For instance, to achieve advertised results, directions for whitening strips often instruct consumers to apply the product for a set period of time, e.g., 30 minutes daily for up to 14 days. At-home tray-based peroxide gel systems are likewise used over multiple consecutive days for up to 4 weeks.[28]

62.     While HiSmile's Products do not contain any peroxide-based whitening agents, its PAP+ Whitening Strips and PAP+ Pen contain the active ingredient phthalimidoperoxycaproic acid (PAP). HiSmile advertises that the PAP ingredient is "just as effective as hydrogen peroxide," and that PAP+ Products deliver the same whitening benefits "instantly."

63.     The V34 Colour Corrector and the Glostik Tooth Gloss contain neither a peroxide ingredient nor PAP. The following table displays the full list of ingredients for each Product (taken from HiSmile's official Product listings on us.hismileteeth.com and official Product listings on CVS.com):

| Product | Ingredients |
|---|---|
| PAP+ Whitening Strips | Glycerin, Aqua/Water, PVP, Ethylcellulose, Alcohol, Sodium Polyacrylate, Phthalimidoperoxycaproic Acid (PAP), Xylitol, Potassium Citrate, Hydroxyapatite, Rebaudioside A, Menthol, Sodium Citrate, Xanthan Gum, PVM/MA Copolymer, C12-15 Pareth-3. |

[27] Laryssa Barbosa et al., *Over-the-counter products in tooth bleaching: A scoping review*, JOURNAL OF DENTISTRY, 104989, (Apr. 4, 2024), doi: 10.1016/j.jdent.2024.104989, https://pubmed.ncbi.nlm.nih.gov/38582435/.
[28] Wendy C. Fries, *Teeth Whitening: How It Works and What to Expect*, WEBMD, (Nov. 15, 2023), https://www.webmd.com/oral-health/teeth-whitening-and-bleaching.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

| PAP+ Whitening Pen | Glycerin, Water/Aqua, Phthalimidoperoxycaprioc acid (PAP), Ammonium Acryloyldimetyltaurate/VP Copolymer, PVP, Sodium Phosphate, Potassium Citrate, Disodium Phosphate, Hydroxyapatite, Sodium Saccharin, Mentha Piperita (Peppermint) Oil, Sodium Gluconate, Potassium Hydroxide, Monosodium Citrate, t-Butyl Alcohol, PVM/MA Copolymer, Xanthan Gum, C12-15 Pareth-3, Titanium Dioxide (CI 77891), Mica (CI 77019), Tin Oxide (CI 77861). |
|---|---|
| V34 Colour Corrector Serum | Glycerin, Aqua/Water, Sorbitol, Hydrated Silica, Xylitol, Polysorbate 80, Cellulose Gum, Mentha Piperita (Peppermint) Oil, Phenoxyethanol, Sucralose, Tetrasodium Pyrophosphate, CI17200/D&C Red No. 33, CI42090/FD&C Blue No.1, Ethylhexylglycerin. |
| Glostik Tooth Gloss | Hydrogenated Polyisobutene, Methyl Hydrogenated Rosinate, Silica Dimethyl Silylate, PPG-12/SMDI Copolymer, Titanium Dioxide (CI 77891), Mica, Silica, Sodium Acetate. |

64.    The HiSmile Products do not whiten teeth instantly nor as dramatically as advertised. Indeed, peroxide-free whitening agents (including PAP) are significantly less effective than peroxide, which is itself incapable of delivering any *instant* whitening effect.[29]

---

[29] Studies that have tested the whitening effects of PAP indicate results that are far less than peroxide after 7-10 days. *See* Lena Katharina Müller-Heupt et al., *Effectiveness and Safety of Over-the-Counter Tooth-Whitening Agents Compared to*

65. In a recent decision against HiSmile, the National Advertising Division (NAD) reached a similar assessment, concluding that there is no evidence to support that PAP is as effective as peroxide, or that it operates in a comparable manner.[30]

66. Despite the fact that peroxide-based products are proven to be more effective than PAP, and neither can work instantly, HiSmile continues to falsely represent that the Products do instantly and dramatically whiten teeth.

## C. Consumers Are Misled by the Fraudulently Advertised Misrepresentations into Buying Products They Would Not Have Otherwise Purchased

67. HiSmile markets, promotes, advertises, and sells the Products with Fraudulent Misrepresentations regarding the Products' efficacy, and engages in fraudulent promotion of its Products by manipulating online consumer reviews.

68. **The Fraudulent Misrepresentations.** On the Products' advertisements, social media posts, and website listings, HiSmile prominently, conspicuously, and repeatedly affirms the Fraudulent Misrepresentations identified herein. These include using deceptive before-and-after images, fake customers, misleading celebrity endorsements, false "clinically proven" claims, fake science, and fake reviews throughout its Product listings.

69. **Reasonable Consumers' Perception.** The Fraudulent Misrepresentations lead reasonable consumers, like Plaintiffs, to believe that the Products instantly and dramatically whiten teeth as shown in HiSmile's advertisements.

70. **Materiality.** The Fraudulent Misrepresentations are material to reasonable consumers, including Plaintiffs, in deciding to buy the Products—meaning

---

*Hydrogen Peroxide in Vitro*, INT J MOL SCI. 24(3):1956, (Jan. 19, 2023), https://doi.org/10.3390/ijms24031956.

[30] *HiSmile Appeals National Advertising Division Recommendation to Discontinue Certain Claims for its Teeth Whitening Products*, BBB NATIONAL PROGRAMS (Apr. 11, 2024), https://bbbprograms.org/media-center/dd/hismile-appeals.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

that the Products' advertised ability to instantly and dramatically whiten teeth is important to consumers and motivates them to buy the Products.

71. **Reliance.** The Class, including Plaintiffs, reasonably relied on the Fraudulent Misrepresentations in deciding to purchase the Products. Plaintiffs relied on HiSmile's social media advertising and online Product reviews when they decided to purchase the Products. Based on HiSmile's social media advertising and positive Product reviews, Plaintiffs expected that they would achieve instant and dramatic teeth whitening.

72. **Falsity.** The Fraudulent Misrepresentations are false and deceptive because the Products do not instantly or dramatically whiten teeth.

73. **Consumers Lack Knowledge of Falsity.** Consumers, including Plaintiffs, do not know, and have no reason to know, at the time of purchase, that the Products' Fraudulent Misrepresentations are false, misleading, deceptive, and unlawful. That is because consumers, including Plaintiffs, do not work for HiSmile and therefore have no personal knowledge of the exact ingredients and formulation of the Products, including the methods used to source and manufacture the ingredients. Additionally, most consumers do not have the specialized knowledge of a chemist or product-developer, or an encyclopedic knowledge base of every chemical or ingredient name and the standard methods used to source and manufacture them. Thus, reasonable consumers, like Plaintiffs, cannot discern from the Products' ingredient disclosures whether the ingredients instantly and dramatically whiten teeth.

74. **HiSmile's Knowledge.** HiSmile knew, or should have known, that the Fraudulent Misrepresentations were false, misleading, deceptive, and unlawful, at the time that HiSmile manufactured, marketed, advertised, labeled, and sold the Products using the Fraudulent Misrepresentations to Plaintiffs and the Class. HiSmile intentionally and deliberately used the Fraudulent Misrepresentations on its advertisements, social media posts, and website listings, to cause Plaintiffs and

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

similarly situated consumers to buy the Products believing that the Fraudulent Misrepresentations are true.

a.  **Knowledge of Falsity.** HiSmile marketed the Products with the Fraudulent Misrepresentations, but HiSmile opted to formulate and manufacture them in a manner that does not conform to those Misrepresentations. Specifically, HiSmile advertised that the Products instantly and dramatically whiten teeth when in reality, the Products do not instantly or dramatically whiten teeth.

b.  **Knowledge of Reasonable Consumers' Perception.** HiSmile knew, or should have known, that the Fraudulent Misrepresentations would lead reasonable consumers into believing that the Products instantly and dramatically whiten teeth. HiSmile has aggressively advertised each of the Products with the Fraudulent Misrepresentations. Thus, HiSmile knew the Fraudulent Misrepresentations are misleading before they marketed the Products to the Class, including Plaintiffs.

c.  **Knowledge of Materiality.** HiSmile knew or should have known that the Fraudulent Misrepresentations are material to consumers. ***First***, the conspicuousness of the Fraudulent Misrepresentations on the Products' advertisements, social media posts, and website listings demonstrate HiSmile's awareness of their importance to consumers and HiSmile's understanding that consumers prefer and are motivated to buy products that conform to the Fraudulent Misrepresentations. ***Second***, manufacturers and marketers repeat marketing claims to emphasize and characterize a brand or product line, shaping the consumers' expectations, because they believe those repeated messages will drive consumers to buy the Product. Here, the use of the Fraudulent Misrepresentations on the Products' advertisements and throughout HiSmile's marketing campaigns evidence HiSmile's awareness that the falsely advertised Product-attribute is important to consumers. It also evidences HiSmile's intent to convince consumers that the Products conform to the Fraudulent Misrepresentations and, ultimately, drive sales.

d.  **HiSmile's Continued Deception, Despite Its Knowledge.** HiSmile, as the manufacturer and marketer of the Products, had exclusive control over the Fraudulent Misrepresentations' inclusion on the Products' advertisements, social media posts, and website listings — i.e., HiSmile readily and easily could have stopped using the

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Fraudulent Misrepresentations to sell the Products. However, despite HiSmile's knowledge of the Fraudulent Misrepresentations' falsity, and HiSmile's knowledge that consumers reasonably rely on the Fraudulent Misrepresentations in deciding to buy the Products, HiSmile deliberately chose to market the Products with the Fraudulent Misrepresentations thereby misleading consumers into buying or overpaying for the Products. Thus, HiSmile knew, or should have known, at all relevant times, that the Fraudulent Misrepresentations mislead reasonable consumers, such as Plaintiffs, into buying the Products to attain the product-attributes that HiSmile falsely advertised and warranted.

75. **Detriment.** Plaintiffs and similarly situated consumers would not have purchased the Products if they had known that the Fraudulent Misrepresentations were false and, therefore, the Products do not have the attribute claimed, promised, warranted, advertised, and/or represented. Accordingly, based on HiSmile's material misrepresentations and omissions, reasonable consumers, including Plaintiffs, purchased the Products to their detriment.

D. **Plaintiffs' Purchase Experiences**

76. **Plaintiff Aaron Jimenez**. The following is alleged based upon Plaintiff Jimenez's personal knowledge:

a. **Reliance on the Fraudulent Misrepresentations.** In making his purchase of the V34 Colour Corrector Serum, Plaintiff Jimenez relied on the depictions and promises of instant and dramatic whitening he saw on HiSmile's TikTok advertisements and on HiSmile's official website. Specifically, he relied on the before-and-after photos and videos in which he saw "scientists" and "dentists" demonstrate that the V34 Product could instantly turn teeth white because of the science of color theory. Plaintiff also relied on the celebrity and influencer endorsements, the customer reviews and reactions he saw on HiSmile's website and in HiSmile's TikTok comments, and the "clinically proven" claim. Based on these representations, Plaintiff expected that the Product would instantly and

dramatically whiten his teeth after one application as was shown in these advertisements.

b. **Failure of the Product to Deliver the Advertised Benefits.** Plaintiff used the Product as instructed, brushing the Product on his teeth for 2 minutes and then rinsing the Product out of his mouth. Plaintiff was extremely disappointed that the Product did not deliver instant and dramatic teeth whitening as advertised, even after multiple applications. Plaintiff received no benefit from his use of the Product.

c. **No Actual Knowledge of Falsity.** At the time of purchase, Plaintiff did not know that the Fraudulent Misrepresentations were false in that Plaintiff did not know that the Product does not instantly or dramatically whiten teeth as advertised.

d. **No Notice of Contradictions.** Plaintiff did not notice any disclaimer, qualifier, or other explanatory statement or information on the Product's label or advertising that contradicted the prominently advertised instant and dramatic whitening results or otherwise suggested that the Product could not instantly and dramatically whiten teeth.

e. **Causation/Damages.** Plaintiff would not have purchased the Product had Plaintiff known that it does not instantly or dramatically whiten teeth.

f. **Desire to Repurchase.** Plaintiff continues to see the Products available for purchase and desires to purchase them again if the representations in the advertisements were in fact true.

g. **Lack of Personal Knowledge/Expertise to Determine Truth.** Plaintiff does not personally know what ingredients are actually contained in the Products or the methods used to make the Products (including sourcing and manufacturing processes), and Plaintiff does not possess any specialized knowledge or general familiarity with the Products' ingredients or the methods typically used to obtain or make such

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

ingredients (including sourcing and manufacturing processes), such that Plaintiff does not personally know and cannot determine whether the Products' ingredients can instantly or dramatically whiten teeth; and, therefore, Plaintiff has no way of determining whether the advertised representations are true.

h. **Inability to Rely.** Plaintiff is, and continues to be, unable to rely on the Products' advertisements, social media posts, and website listings.

77.     **Plaintiff Robert Parham**. The following is alleged based upon Plaintiff Parham's personal knowledge:

a. **Reliance on the Fraudulent Misrepresentations**. In making his purchase of the PAP+ Whitening Strips, Plaintiff Parham relied on the depictions and promises of instant and dramatic whitening he saw on HiSmile's social media advertisements. Specifically, he relied on the before-and-after photos and videos which demonstrated instant results after one application, and the customer reviews and reactions. Based on these representations, Plaintiff expected that the Product would instantly and dramatically whiten his teeth after one application.

b. **Failure of the Product to Deliver the Advertised Benefits.** Plaintiff used the Product as instructed by applying the whitening strips on his upper and lower teeth for 30 minutes. After the first application, Plaintiff was shocked that his teeth did not show any whitening effect. Plaintiff continued to use the strips for two and a half weeks, using half of the package of 14 strips, and experienced no whitening whatsoever, let alone instant or dramatic whitening. Plaintiff received no benefit from his use of the Product.

c. **No Actual Knowledge of Falsity.** At the time of purchase, Plaintiff did not know that the Fraudulent Misrepresentations were false in that

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Plaintiff did not know that the Product does not instantly or dramatically whiten teeth as advertised.

d. **No Notice of Contradictions.** Plaintiff did not notice any disclaimer, qualifier, or other explanatory statement or information on the Product's label or advertising that contradicted the prominently advertised instant and dramatic whitening results or otherwise suggested that the Product could not instantly and dramatically whiten teeth.

e. **Causation/Damages.** Plaintiff would not have purchased the Product had Plaintiff known that it does not instantly or dramatically whiten teeth.

f. **Desire to Repurchase.** Plaintiff continues to see the Products available for purchase and desires to purchase them again if the representations in the advertisements were in fact true.

g. **Lack of Personal Knowledge/Expertise to Determine Truth.** Plaintiff does not personally know what ingredients are actually contained in the Products or the methods used to make the Products (including sourcing and manufacturing processes), and Plaintiff does not possess any specialized knowledge or general familiarity with the Products' ingredients or the methods typically used to obtain or make such ingredients (including sourcing and manufacturing processes), such that Plaintiff does not personally know and cannot determine whether the Products' ingredients can instantly or dramatically whiten teeth; and, therefore, Plaintiff has no way of determining whether the advertised representations are true.

h. **Inability to Rely.** Plaintiff is, and continues to be, unable to rely on the Products' advertisements, social media posts, and website listings.

78. **Plaintiff Brittany Hodges.** The following is alleged based upon Plaintiff Hodges' personal knowledge:

a. **Reliance on the Fraudulent Misrepresentations**. In making her purchases of the V34 Colour Corrector Serum, PAP+ Whitening Strips, and PAP+ Whitening Pen, Plaintiff Hodges relied on the depictions and promises of instant and dramatic whitening she saw on HiSmile's social media advertisements. Specifically, she relied on the before-and-after photos and videos, the customer reviews and reactions, and the advertised "science" regarding HiSmile's "colour theory." Based on these representations, Plaintiff expected that the Product would instantly and dramatically whiten her teeth after one application.

b. **Failure of the Product to Deliver the Advertised Benefits.** Plaintiff used each Product as instructed *until it was empty* and experienced no whitening whatsoever, let alone the instant or dramatic whitening she saw in the HiSmile advertisements. Plaintiff received no benefit from her use of the Product.

c. **No Actual Knowledge of Falsity.** At the time of purchase, Plaintiff did not know that the Fraudulent Misrepresentations were false in that Plaintiff did not know that the Product does not instantly or dramatically whiten teeth as advertised.

d. **No Notice of Contradictions.** Plaintiff did not notice any disclaimer, qualifier, or other explanatory statement or information on the Products' labels or advertising that contradicted the prominently advertised instant and dramatic whitening results or otherwise suggested that the Products could not instantly and dramatically whiten teeth.

e. **Causation/Damages.** Plaintiff would not have purchased the Products had Plaintiff known that they do not instantly or dramatically whiten teeth.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

f.  **Desire to Repurchase.** Plaintiff continues to see the Products available for purchase and desires to purchase them again if the representations in the advertisements were in fact true.

g.  **Lack of Personal Knowledge/Expertise to Determine Truth.** Plaintiff does not personally know what ingredients are actually contained in the Products or the methods used to make the Products (including sourcing and manufacturing processes), and Plaintiff does not possess any specialized knowledge or general familiarity with the Products' ingredients or the methods typically used to obtain or make such ingredients (including sourcing and manufacturing processes), such that Plaintiff does not personally know and cannot determine whether the Products' ingredients can instantly or dramatically whiten teeth; and, therefore, Plaintiff has no way of determining whether the advertised representations are true.

h.  **Inability to Rely.** Plaintiff is, and continues to be, unable to rely on the Products' advertisements, social media posts, and website listings.

79.  **Plaintiff Ralph Milan**. The following is alleged based upon Plaintiff Milan's personal knowledge:

a.  **Reliance on the Fraudulent Misrepresentations**. In making his purchases of the V34 Colour Corrector Serum and PAP+ Whitening Strips, Plaintiff Milan relied on the depictions and promises of instant and dramatic whitening he saw on HiSmile's Instagram advertisements and official website. Plaintiff made his purchase decision after being bombarded with at least 5 HiSmile advertisements that were pushed to his Instagram feed in a short amount of time. Specifically, he relied upon the before-and-after photos and videos, the "clinically proven" claim, customer reviews and testimonials on HiSmile's website, and the advertised "science" regarding HiSmile's "colour theory." Based on these

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

representations, Plaintiff expected that the Products would instantly and dramatically whiten his teeth after one application.

b. **Failure of the Product to Deliver the Advertised Benefits.** Plaintiff used each Product as instructed and experienced *no whitening whatsoever*, let alone the instant or dramatic whitening he saw in HiSmile's Instagram advertisements. Plaintiff received no benefit from his use of the Product.

c. **No Actual Knowledge of Falsity.** At the time of purchase, Plaintiff did not know that the Fraudulent Misrepresentations were false in that Plaintiff did not know that the Products do not instantly or dramatically whiten teeth as advertised.

d. **No Notice of Contradictions.** Plaintiff did not notice any disclaimer, qualifier, or other explanatory statement or information on the Products' labels or advertisements that contradicted the prominently advertised instant and dramatic whitening results or otherwise suggested that the Products could not instantly and dramatically whiten teeth.

e. **Causation/Damages.** Plaintiff would not have purchased the Products had Plaintiff known that they do not instantly or dramatically whiten teeth.

f. **Desire to Repurchase.** Plaintiff continues to see the Products available for purchase and desires to purchase them again if the representations in the advertisements were in fact true.

g. **Lack of Personal Knowledge/Expertise to Determine Truth.** Plaintiff does not personally know what ingredients are actually contained in the Products or the methods used to make the Products (including sourcing and manufacturing processes), and Plaintiff does not possess any specialized knowledge or general familiarity with the Products' ingredients or the methods typically used to obtain or make such

ingredients (including sourcing and manufacturing processes), such that Plaintiff does not personally know and cannot determine whether the Products' ingredients can instantly or dramatically whiten teeth; and, therefore, Plaintiff has no way of determining whether the advertised representations are true.

h. **Inability to Rely.** Plaintiff is, and continues to be, unable to rely on the Products' advertisements, social media posts, and website listings.

### E.     The Products are Substantially Similar

80.     As described herein, Plaintiffs purchased the V34 Colour Corrector Serum, PAP+ Whitening Strips, and/or the PAP+ Whitening Pen (the "**Purchased Products**"). The additional Product, the Glostik Tooth Gloss (the "**Unpurchased Product**"), is substantially similar to the Purchased Products.

a. **Defendant.** All Products are manufactured, sold, marketed, advertised, labeled, and packaged by HiSmile.

b. **Brand.** All Products are sold under the same brand name: HiSmile.

c. **Purpose.** All Products are oral care products intended to be used for teeth whitening.

d. **Marketing Demographics.** All Products are marketed directly to consumers for at-home use.

e. **Fraudulent Misrepresentations.** All Products are advertised with the same Fraudulent Misrepresentations.

f. **Misleading Effect.** The misleading effect of the Fraudulent Misrepresentations on consumers is the same for all Products— consumers over-pay a premium for Products that instantly and dramatically whiten teeth. However, consumers receive Products that do not instantly or dramatically whiten teeth as advertised.

### F.     No Adequate Remedy at Law

81.     **No Adequate Remedy at Law.** Plaintiffs and members of the Class are

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

entitled to equitable relief as no adequate remedy at law exists.

  a. **Broader Statutes of Limitations.** The statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL and CLRA. In addition, the statutes of limitations vary for certain states' laws for breach of warranty and unjust enrichment/restitution, between approximately 2 and 6 years. Thus, California Subclass members who purchased the Products more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL. Similarly, Nationwide Class members who purchased the Products prior to the furthest reach-back under the statute of limitations for breach of warranty, will be barred from recovery if equitable relief were not permitted for restitution/unjust enrichment.

  b. **Broader Scope of Conduct.** In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes, for example, HiSmile's overall unfair marketing scheme to promote and brand the Products with the Fraudulent Misrepresentations, across a multitude of media platforms, including the Products' advertisements, social media posts, and website listings, over a long period of time, in order to gain an unfair advantage over competitor products and to take advantage of consumers' desire for products that comport with the Fraudulent Misrepresentations. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar representations and omissions made on the type of products at issue). Thus, Plaintiffs and Class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct). Similarly, unjust enrichment/restitution is broader than breach of warranty. For example, in some states, breach of warranty may require privity of contract or pre-lawsuit notice, which are not typically required to establish unjust enrichment/restitution. Thus, Plaintiffs and Class members may be entitled to recover under unjust enrichment/restitution, while not entitled to damages under breach of

warranty, because they purchased the products from third-party retailers or did not provide adequate notice of a breach prior to the commencement of this action.

c. **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiffs and members of the Class because HiSmile continues to misrepresent the Products with the Fraudulent Misrepresentations. Injunctive relief is necessary to prevent HiSmile from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief in the form of disclosures and cessation of fraudulent activity is necessary to dispel the public misperception about the Products that has resulted from years of HiSmile's unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements that the Products' Fraudulent Misrepresentations are not true and providing accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' front label concerning the Products' true nature. An injunction requiring affirmative disclosures to dispel the public's misperception and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiffs are *currently* unable to accurately quantify the damages caused by HiSmile's future harm, because discovery and Plaintiffs' investigation have not yet completed, rendering injunctive relief all the more necessary. For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Product sales, and quantities of past/future Product sales.

d. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

e. **California vs. Nationwide Class Claims**. Violation of the UCL, FAL, and CLRA are claims asserted on behalf of Plaintiffs and the California Subclass against HiSmile, while breach of warranty and unjust enrichment/restitution are asserted on behalf of Plaintiffs and the Nationwide Class. Dismissal of farther-reaching claims, such as

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

restitution, would bar recovery for non-California members of the Class. In other words, legal remedies available or adequate under the California-specific causes of action (such as the UCL, FAL, and CLRA) have no impact on this Court's jurisdiction to award equitable relief under the remaining causes of action asserted on behalf of non-California putative class members.

f. **Procedural Posture—Incomplete Discovery & Pre-Certification.** Lastly, this is an initial pleading in this action and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiffs' claims and any certified class or subclass. Plaintiffs therefore reserve their right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiffs and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## VI.   CLASS ACTION ALLEGATIONS

82.   **Class Definition.** Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of themselves and all others similarly situated, and as members of the Classes defined as follows:

> All residents of the United States who, within the applicable statute of limitations periods, purchased the Products for purposes other than resale ("**Nationwide Class**"); and

> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products for purposes other than resale ("**California Subclass**").

> ("Nationwide Class" and "California Subclass," collectively, "**Class**").

83.   **Class Definition Exclusions.** Excluded from the Class are: (i) HiSmile, its assigns, successors, and legal representatives; (ii) any entities in which HiSmile

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

84. **Reservation of Rights to Amend the Class Definition.** Plaintiffs reserve the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by HiSmile, or otherwise.

85. **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

86. **Common Questions Predominate:** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

a. Whether HiSmile engaged in unlawful, unfair or deceptive business practices by fraudulently advertising and selling the Products;

b. Whether HiSmile's conduct of advertising the Products as being able to instantly and dramatically whiten teeth when they cannot constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq.*;

c. Whether HiSmile used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq.*;

d. Whether HiSmile represented that the Products have characteristics or quantities that they do not have in violation of Civil Code section 1750, *et seq.*;

e.  Whether HiSmile advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq.*;

f.  Whether HiSmile's advertising of the Products are untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

g.  Whether HiSmile knew or by the exercise of reasonable care should have known its advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

h.  Whether HiSmile's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i.  Whether HiSmile's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

j.  Whether HiSmile's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

k.  Whether Plaintiffs and the Class paid more money for the Products than they actually received;

l.  How much more money Plaintiffs and the Class paid for the Products than they actually received;

m.  Whether HiSmile's conduct constitutes breach of warranty;

n.  Whether Plaintiffs and the Class are entitled to injunctive relief; and

o.  Whether HiSmile was unjustly enriched by their unlawful conduct.

87.  **Typicality**: Plaintiffs' claims are typical of the claims of the Class Members they seek to represent because Plaintiffs, like the Class Members, purchased HiSmile's misleading and deceptive Products. HiSmile's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiffs and the Class sustained similar injuries arising out of HiSmile's conduct. Plaintiffs' and Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

88.  **Adequacy**: Plaintiffs are adequate representatives of the Class they seek to represent because their interests do not conflict with the interests of the Class Members Plaintiffs seek to represent. Plaintiffs will fairly and adequately protect Class Members' interests and have retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

89.  **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.  The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

b.  Absent a Class, the members of the Class will continue to suffer damage and HiSmile's unlawful conduct will continue without remedy while HiSmile profits from and enjoy its ill-gotten gains;

c.  Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs HiSmile committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.  When the liability of HiSmile has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e.  This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiffs and Class Members can seek redress for the harm caused to them by HiSmile.

90.   **Inconsistent Rulings.** Because Plaintiffs seek relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for HiSmile.

91.   **Injunctive/Equitable Relief.** The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as HiSmile has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

92.   **Manageability.** Plaintiffs and Plaintiffs' counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## COUNT ONE

### Violation of California Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

### (*On Behalf of the California Subclass*)

93.   **Incorporation by Reference.** Plaintiffs re-allege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

94.   **California Subclass.** This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq.*, on behalf of Plaintiffs and a California Subclass who purchased the Products within the applicable statute of limitations.

95.   **The UCL.** California Business & Professions Code, sections 17200, *et seq.* (the "**UCL**") prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

96.   **Misleading Advertising Claims.** HiSmile, in its advertising and marketing of the Products, made misleading statements regarding the quality and characteristics of the Products—specifically, the Fraudulent Misrepresentations—

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

despite the fact that the Products do not instantly or dramatically whiten teeth. The claims appear on the Products' advertisements, social media posts, and website listings, which are sold at online and at retail stores.

97. **HiSmile's Deliberately Fraudulent Marketing Scheme.** HiSmile does not have any reasonable basis for the claims about the Products made in HiSmile's advertising and on HiSmile's advertisements, social media posts, and website listings because the Products do not instantly or dramatically whiten teeth. HiSmile knew and knows that the Products do not instantly or dramatically whiten teeth, though HiSmile intentionally advertised and marketed the Products to deceive reasonable consumers into believing that Products instantly and dramatically whiten teeth.

98. **Misleading Advertising Claims Cause Purchase of Products.** HiSmile's deceptive advertisements, social media posts, and website listings of the Products led to, and continues to lead to, reasonable consumers, including Plaintiffs, believing that the Products can instantly and dramatically whiten teeth.

99. **Injury in Fact.** Plaintiffs and the California Subclass have suffered injury in fact and have lost money or property as a result of and in reliance upon HiSmile's misleading advertising claims—namely, Plaintiffs and the California Subclass lost the purchase price for the Products they bought from the HiSmile.

100. **Conduct Violates the UCL.** HiSmile's conduct, as alleged herein, constitutes unfair, unlawful, and fraudulent business practices pursuant to the UCL. The UCL prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising." Cal. Bus & Prof. Code § 17200. In addition, HiSmile's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code Sections 17200 and 17531, which advertisements have deceived

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

and are likely to deceive the consuming public, in violation of Business and Professions Code Section 17200.

101. **No Reasonably Available Alternatives/Legitimate Business Interests.** HiSmile failed to avail itself of reasonably available, lawful alternatives to further its legitimate business interests.

102. **Business Practice.** All of the conduct alleged herein occurred and continues to occur in HiSmile's business. HiSmile's wrongful conduct is part of a pattern, practice and/or generalized course of conduct, which will continue on a daily basis until HiSmile voluntarily alters its conduct or HiSmile is otherwise ordered to do so.

103. **Injunction.** Pursuant to Business and Professions Code Sections 17203 and 17535, Plaintiffs and the members of the California Subclass seek an order of this Court enjoining HiSmile from continuing to engage, use, or employ its practice of marketing and advertising the Products as capable of instantly and dramatically whitening teeth. Likewise, Plaintiffs and the members of the California Subclass seek an order requiring HiSmile to disclose such misrepresentations, and to preclude HiSmile's failure to disclose the existence and significance of said misrepresentations.

104. **Causation/Damages.** As a direct and proximate result of HiSmile's misconduct in violation of the UCL, Plaintiffs and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the California Subclass have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for violation of the UCL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the California Subclass for said monies, as well as

injunctive relief to enjoin HiSmile's misconduct to prevent ongoing and future harm that will result.

105. **Punitive Damages.** Plaintiffs seek punitive damages pursuant to this cause of action for violation of the UCL on behalf of Plaintiffs and the California Subclass. HiSmile's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. HiSmile's misconduct is malicious as HiSmile acted with the intent to cause Plaintiffs and consumers to pay for Products that they were not, in fact, receiving. HiSmile willfully and knowingly disregarded the rights of Plaintiffs and consumers as HiSmile was, at all times, aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiffs. Said misconduct subjected Plaintiffs and consumers to cruel and unjust hardship in knowing disregard of their rights. HiSmile's misconduct is fraudulent as HiSmile intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiffs and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of HiSmile.

### *"Unfair" Prong*

106. **Unfair Standard.** Under the UCL, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (2006).

107. **Injury.** HiSmile's action of misrepresenting the Products with the Fraudulent Misrepresentations did not confer any benefit to consumers; rather, doing so causes injuries to consumers, who do not receive a product commensurate with their reasonable expectations, overpay for the Products, and receive Products of lesser standards than what they reasonably expected to receive. Consumers cannot avoid

any of the injuries caused by HiSmile's deceptive advertising of the Products. Accordingly, the injuries caused by HiSmile's deceptive advertising outweigh any benefits.

108. **Balancing Test.** Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the HiSmile's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1169 (9th Cir. 2012).

109. **No Utility.** Here, HiSmile's conduct of advertising the Products with the Fraudulent Misrepresentations when the Products do not instantly or dramatically whiten teeth has no utility and financially harms purchasers. Thus, the utility of HiSmile's conduct is vastly outweighed by the gravity of harm.

110. **Legislative Declared Policy.** Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.,* 504 F. 3d 718, 735 (9th Cir. 2007).

111. **Unfair Conduct.** HiSmile's Products labels, advertisements, social media posts, and website listings, as alleged herein, are deceptive, misleading, and unreasonable, and constitute unfair conduct. HiSmile knew or should have known of its unfair conduct. HiSmile's misrepresentations constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

112. **Reasonably Available Alternatives.** There existed reasonably available alternatives to further HiSmile's legitimate business interests, other than the conduct described herein. HiSmile could have refrained from labeling and advertising the Products with the Fraudulent Misrepresentations.

//

//

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

113. **HiSmile's Wrongful Conduct.** All of the conduct alleged herein occurs and continues to occur in HiSmile's business. HiSmile's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

114. **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiffs and the California Subclass seek an order of this Court enjoining HiSmile from continuing to engage, use, or employ its practices of labeling and advertising the Products with the Fraudulent Misrepresentations.

115. **Causation/Damages.** Plaintiffs and the California Subclass have suffered injury in fact and have lost money as a result of HiSmile's unfair conduct. Plaintiffs and the California Subclass paid an unwarranted premium for the Products. Specifically, Plaintiffs and the California Subclass paid for Products that do not instantly whiten teeth, which runs contrary to the Fraudulent Misrepresentations. Plaintiffs and the California Subclass would not have purchased the Products, or would have paid substantially less for the Products, if they had known that the Products' advertising and labeling were deceptive. Accordingly, Plaintiffs seek damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL.

### *"Fraudulent" Prong*

116. **Fraud Standard.** The UCL considers conduct fraudulent (and prohibits said conduct) if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

117. **The Fraudulent Misrepresentations.** HiSmile used the Fraudulent Misrepresentations with the intent to sell the Products to consumers, including Plaintiffs and the California Subclass. The Fraudulent Misrepresentations are false and misleading, and HiSmile knew or should have known of their falsity. The Fraudulent Misrepresentations are likely to deceive consumers into purchasing the Products because they are material to the average, ordinary, and reasonable consumer.

//

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

118. **Fraudulent Business Practice.** As alleged herein, the misrepresentations by HiSmile constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

119. **Reasonable and Detrimental Reliance.** Plaintiffs and the California Subclass reasonably and detrimentally relied on the Fraudulent Misrepresentations to their detriment in that they purchased the Products.

120. **Reasonably Available Alternatives.** HiSmile had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. HiSmile could have refrained from labeling and advertising the Products with the Fraudulent Misrepresentations.

121. **Business Practice.** All of the conduct alleged herein occurs and continues to occur in HiSmile's business. HiSmile's wrongful conduct is part of a pattern or generalized course of conduct.

122. **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiffs and the California Subclass seek an order of this Court enjoining HiSmile from continuing to engage, use, or employ its practice of labeling and advertising the Products with the Fraudulent Misrepresentations.

123. **Causation/Damages.** Plaintiffs and the California Subclass have suffered injury in fact and have lost money as a result of HiSmile's fraudulent conduct. Plaintiffs paid an unwarranted premium for the Products. Specifically, Plaintiffs and the California Subclass paid for products that they believed instantly whiten teeth, when, in fact, the Products do not. Plaintiffs and the California Subclass would not have purchased the Products if they had known the truth. Accordingly, Plaintiffs seek damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

### *"Unlawful" Prong*

124. **Unlawful Standard.** The UCL identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

125. **Violations of CLRA and FAL.** HiSmile's labeling and advertising of the Products, as alleged herein, violate California Civil Code sections 1750, *et seq.* (the "**CLRA**") and California Business and Professions Code sections 17500, *et seq.* (the "**FAL**") as set forth below in the sections regarding those causes of action.

126. **Additional Violations.** HiSmile's conduct in making the misleading representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to their competitors. This conduct engenders an unfair competitive advantage for HiSmile, thereby constituting an unfair, fraudulent and/or unlawful business practice under California Business & Professions Code sections 17200-17208. Additionally, HiSmile's misrepresentations of material facts, as set forth herein, violate California Civil Code sections 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

127. **Unlawful Conduct.** HiSmile's marketing and advertising of the Products, as alleged herein, are deceptive, misleading, and unreasonable, and constitute unlawful conduct. HiSmile knew or should have known of its unlawful conduct.

128. **Reasonably Available Alternatives.** HiSmile had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. HiSmile could have refrained from labeling and advertising the Products with the Fraudulent Misrepresentations.

129. **Business Practice.** All of the conduct alleged herein occurs and continues to occur in HiSmile's business. HiSmile's wrongful conduct is part of a pattern or generalized course of conduct.

130. **Injunction.** Pursuant to Business and Professions Code Section 17203, Plaintiffs and the California Subclass seek an order of this Court enjoining HiSmile from continuing to engage, use, or employ its practice of deceptive advertising of the Products.

131. **Causation/Damages.** Plaintiffs and the California Subclass have suffered injury in fact and have lost money as a result of HiSmile's unlawful conduct. Plaintiffs and the California Subclass paid an unwarranted premium for the Products. Plaintiffs and the California Subclass would not have purchased the Products if they had known that HiSmile purposely deceived consumers into believing that the Products instantly and dramatically whiten teeth. Accordingly, Plaintiffs seek damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL.

**COUNT TWO**

**Violation of California False Advertising Law**

**(Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

**(*On Behalf of the California Subclass*)**

132. **Incorporation by reference.** Plaintiffs re-allege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

133. **California Subclass.** Plaintiffs bring this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

134. **FAL Standard.** The False Advertising Law, codified at Cal. Bus. & Prof. Code section 17500, *et seq.*, prohibits "unfair, deceptive, untrue or misleading advertising[.]"

135. **False & Material Fraudulent Misrepresentations Disseminated to the Public.** HiSmile violated section 17500 when it advertised and marketed the Products through the unfair, deceptive, untrue, and misleading Fraudulent Misrepresentations, disseminated to the public through the Products' advertisements, social media posts, and website listings. These representations were misleading because the Products do not conform to them. The representations were material because they are likely to mislead a reasonable consumer into purchasing the Products.

//

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

136. **Knowledge.** In making and disseminating the representations alleged herein, HiSmile knew or should have known that the representations were untrue or misleading, and acted in violation of § 17500.

137. **Intent to sell.** HiSmile's Fraudulent Misrepresentations were specifically designed to induce reasonable consumers, like Plaintiffs and the California Subclass, to purchase the Products.

138. **Causation/Damages.** As a direct and proximate result of HiSmile's misconduct in violation of the FAL, Plaintiffs and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for violation of the FAL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the California Subclass for said monies, as well as injunctive relief to enjoin HiSmile's misconduct to prevent ongoing and future harm that will result.

139. **Punitive Damages.** HiSmile's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. HiSmile's misconduct is malicious as HiSmile acted with the intent to cause Plaintiffs and consumers to pay for Products that they were not, in fact, receiving. HiSmile willfully and knowingly disregarded the rights of Plaintiffs and consumers as HiSmile was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiffs. HiSmile's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiffs and consumers to cruel and unjust hardship in knowing disregard of their rights. HiSmile's misconduct is

fraudulent as HiSmile, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiffs and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of HiSmile.

## COUNT THREE

### Violation of California Consumers Legal Remedies Act

### (Cal. Civ. Code §§ 1750, *et seq*.)

### (*On Behalf of the California Subclass*)

140. **Incorporation by Reference.** Plaintiffs re-allege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

141. **California Subclass.** Plaintiffs bring this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

142. **CLRA Standard.** The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

143. **Goods/Services.** The Products are "good[s,]" as defined by the CLRA in California Civil Code §1761(a).

144. **HiSmile.** HiSmile is a "person," as defined by the CLRA in California Civil Code §1761(c).

145. **Consumers.** Plaintiffs and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code §1761(d).

146. **Transactions.** The purchase of the Products by Plaintiffs and members of the California Subclass are "transactions" as defined by the CLRA under California Civil Code section 1761(e).

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

147. **Violations of the CLRA.** HiSmile violated the following sections of the CLRA by selling the Products to Plaintiffs and the California Subclass through the misleading, deceptive, and Fraudulent Misrepresentations and actions:

  a. Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they do] not have."

  b. Section 1770(a)(7) by representing that the Products "[are] of a particular standard, quality, or grade . . . [when they are] of another."

  c. Section 1770(a)(9) by advertising the Products "with [the] intent not to sell [them] as advertised."

148. **Knowledge.** HiSmile's uniform and material representations regarding the Products was likely to deceive, and HiSmile knew or should have known that its representations were misleading.

149. **Malicious.** HiSmile's conduct is malicious, fraudulent, and wanton in that HiSmile intentionally misled and withheld material information from consumers, including Plaintiffs, to increase the sale of the Products.

150. **Plaintiffs Could Not Have Avoided Injury.** Plaintiffs and members of the California Subclass could not have reasonably avoided such injury. Plaintiffs and members of the California Subclass were unaware of the existence of the facts that HiSmile suppressed and failed to disclose, and Plaintiffs and members of the California Subclass would not have purchased the Products and/or would have purchased it on different terms had they known the truth.

151. **Causation/Reliance/Materiality.** Plaintiffs and the California Subclass suffered harm as a result of HiSmile's violations of the CLRA because they relied on the Fraudulent Misrepresentations in deciding to purchase the Products. The Fraudulent Misrepresentations were substantial factors. The Fraudulent Misrepresentations were material because a reasonable consumer would consider them important in deciding whether to purchase the Products.

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

152. **Section 1782 – Prelitigation Demand/Notice.** Pursuant to California Civil Code section 1782, more than thirty days prior to the filing of this complaint, on or about February 16, 2024, Plaintiffs' counsel, acting on behalf of Plaintiffs and members of the Class, deposited with the U.S. Postal Service a notice for mailing via certified mail, return receipt requested, addressed to HiSmile's registered agent, FLP Services, LLC at 1201 N. Orange St., Suite 7419, Wilmington, DE 19801, which was delivered on February 26, 2024. Said notice described HiSmile's particular violations of the California Consumers Legal Remedies Act, as set forth above, and demanded that HiSmile correct and otherwise rectify those violations with respect to Plaintiffs and all members of the Class. The form, content, and delivery of the notice satisfy subsections (1) and (2) of section 1782(a). The notice of violations and demand for remedial action, as of the filing of this complaint, did not result in adequate correction, repair, replacement, and/or other remedy by HiSmile, including all remedial action set forth in the notice letter and as set forth under section 1782(c).

153. **Causation/Damages.** As a direct and proximate result of HiSmile's misconduct in violation of the CLRA, Plaintiffs and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for violation of this Act in the form of damages, restitution, disgorgement of ill-gotten gains to compensate Plaintiffs and the California Subclass for said monies.

154. **Injunction.** Given that HiSmile's conduct violated California Civil Code section 1780, Plaintiffs and members of the California Subclass are entitled to seek, and do hereby seek, injunctive relief to put an end to HiSmile's violations of the CLRA. Plaintiffs have no adequate remedy at law. Without equitable relief, HiSmile's

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

unfair and deceptive practices will continue to harm Plaintiffs and the California Subclass.

155. **Punitive Damages.** HiSmile's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. HiSmile's misconduct is malicious as HiSmile acted with the intent to cause Plaintiffs and consumers to pay for Products that they were not, in fact, receiving. HiSmile willfully and knowingly disregarded the rights of Plaintiffs and consumers as HiSmile was, at all times, aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiffs.  HiSmile's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiffs and consumers to cruel and unjust hardship in knowing disregard of their rights. HiSmile's misconduct is fraudulent as HiSmile, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiffs and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of HiSmile.

### COUNT FOUR

#### Breach of Warranty

#### (*On Behalf of the Nationwide Class and California Subclass*)

156. **Incorporation by Reference.** Plaintiffs re-allege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

157. **Nationwide Class & California Subclass.** Plaintiffs bring this claim individually and on behalf of the Nationwide Class and California Subclass (the "**Class**") who purchased the Products within the applicable statute of limitations.

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

158. **Express Warranty.** By advertising and selling the Products at issue, HiSmile made promises and affirmations of fact through the Products' marketing and advertising, as described herein. This marketing and advertising constitute express warranties and became part of the basis of the bargain between Plaintiffs and members of the Class and HiSmile. HiSmile purports, through the Products' marketing and advertising, to create express warranties that the Products, among other things, conform to the Fraudulent Misrepresentations.

159. **Implied Warranty of Merchantability.** By advertising and selling the Products at issue, HiSmile, a merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made through its marketing and advertising, as described herein. This labeling and advertising, combined with the implied warranty of merchantability, constitute warranties that became part of the basis of the bargain between Plaintiffs and members of the Class and HiSmile—to wit, that the Products, among other things, conform to the Fraudulent Misrepresentations.

160. **Breach of Warranty.** Contrary to HiSmile's warranties, the Products do not conform to the Fraudulent Misrepresentations and, therefore, HiSmile breached its warranties about the Products and their qualities.

161. **Causation/Remedies.** As a direct and proximate result of HiSmile's breach of warranty, Plaintiffs and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for breach of warranty in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the Class for said monies, as well as injunctive relief to enjoin HiSmile's misconduct to prevent ongoing and future harm that will result.

162. **Punitive Damages.** Plaintiffs seek punitive damages pursuant to this cause of action for breach of warranty on behalf of Plaintiffs and the Class. HiSmile's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. HiSmile's misconduct is malicious as HiSmile acted with the intent to cause Plaintiffs and consumers to pay for Products that they were not, in fact, receiving. HiSmile willfully and knowingly disregarded the rights of Plaintiffs and consumers as HiSmile was aware of the probable consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiffs. HiSmile's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such misconduct. Said misconduct subjected Plaintiffs and consumers to cruel and unjust hardship in knowing disregard of their rights. HiSmile's misconduct is fraudulent as HiSmile, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiffs and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of HiSmile.

## COUNT FIVE

### Unjust Enrichment/Restitution

### (*On Behalf of the Nationwide Class and California Subclass*)

163. **Incorporation by Reference.** Plaintiffs re-allege and incorporate by reference all allegations contained in this complaint, as though fully set forth herein.

164. **Nationwide Class & California Subclass.** Plaintiffs bring this claim individually and on behalf of the Nationwide Class and California Subclass (the "**Class**") who purchased the Products within the applicable statute of limitations.

//

//

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

165. **Plaintiff/Class Conferred a Benefit.** By purchasing the Products, Plaintiffs and members of the Class conferred a benefit on HiSmile in the form of the purchase price of the Products.

166. **HiSmile's Knowledge of Conferred Benefit.** HiSmile had knowledge of such benefit and HiSmile appreciated the benefit because, were consumers not to purchase the Products, HiSmile would not generate revenue from the sales of the Products.

167. **HiSmile's Unjust Receipt Through Deception.** HiSmile's knowing acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by HiSmile's fraudulent, misleading, and deceptive representations.

168. **Causation/Damages.** As a direct and proximate result of HiSmile's unjust enrichment, Plaintiffs and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiffs and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiffs seek a monetary award for unjust enrichment in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiffs and the Class for said monies, as well as injunctive relief to enjoin HiSmile's misconduct to prevent ongoing and future harm that will result.

169. **Punitive Damages.** Plaintiffs seek punitive damages pursuant to this cause of action for unjust enrichment on behalf of Plaintiffs and the Class. HiSmile's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. HiSmile's misconduct is malicious as HiSmile acted with the intent to cause Plaintiffs and consumers to pay for Products that they were not, in fact, receiving. HiSmile willfully and knowingly disregarded the rights of Plaintiffs and consumers as HiSmile was aware of the probable dangerous consequences of its

conduct and deliberately failed to avoid misleading consumers, including Plaintiffs. HiSmile's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiffs and consumers to cruel and unjust hardship in knowing disregard of their rights. HiSmile's misconduct is fraudulent as HiSmile, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiffs and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of HiSmile.

## **PRAYER FOR RELIEF**

170. WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for judgment against HiSmile as follows:

a. **Certification:** For an order certifying this action as a class action, appointing Plaintiffs as the Class Representatives, and appointing Plaintiffs' Counsel as Class Counsel;

b. **Declaratory Relief:** For an order declaring that HiSmile's conduct violates the statutes and laws referenced herein;

c. **Injunction:** For an order requiring HiSmile to immediately cease and desist from selling the unlawful Products in violation of law; enjoining HiSmile from continuing to market, advertise, distribute, and sell the Products in the unlawful manner described herein; requiring HiSmile to engage in an affirmative advertising campaign to dispel the public misperception of the Products resulting from HiSmile's unlawful conduct; and requiring all further and just corrective action, consistent with permissible law and pursuant to only those causes of action so permitted;

d. **Damages/Restitution/Disgorgement:** For an order awarding monetary

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

compensation in the form of damages, restitution, and/or disgorgement to Plaintiffs and the Class, consistent with permissible law and pursuant to only those causes of action so permitted;

e. **Punitive Damages/Penalties:** For an order awarding punitive damages, statutory penalties, and/or monetary fines, consistent with permissible law and pursuant to only those causes of action so permitted;

f. **Attorneys' Fees & Costs:** For an order awarding attorneys' fees and costs, consistent with permissible law and pursuant to only those causes of action so permitted;

g. **Pre/Post-Judgment Interest:** For an order awarding pre-judgment and post-judgment interest, consistent with permissible law and pursuant to only those causes of action so permitted; and

h. **All Just & Proper Relief:** For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues and causes of action so triable.

Dated: June 6, 2024                    **CLARKSON LAW FIRM, P.C.**

By: /s/ Shireen M. Clarkson
Shireen M. Clarkson, Esq.
Bahar Sodaify, Esq.

*Attorneys for Plaintiffs*

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265